PEOPLES BUILDING AND LOAN ASSOCIATION OF RIDGEFIELD
PARK, NEW JERSEY, appellant,

*v.*

ISAAC VANIEWSKY et ux., respondents.

[Submitted December 6th, 1915.   Decided March 6th, 1916.]

1. Where a judgment in an action to enforce a mechanic's lien claim, in which the holder of a mortgage is a party, adjudges that the mortgage is a lien prior to the lien claim, and in terms declares that the judgment is subject to the mortgage, it is a determination of the priorities of the liens under section 24 of the Mechanics' Lien act (*3 Comp. Stat. p. 3309*), the truth of which the lien claimant is estopped to deny, in proceedings taken to foreclose the mortgage especially, if relying on the verity of the judgment, the mortgagee has applied to a part of the principal secured by the mortgage in payment of a debt for material furnished for and actually used 'in the erection of a building on the mortgaged premises, although such application be made after the entry of the judgment. The priorities established by the judgment cannot be assailed in a collateral proceeding where the court in which the judgment was entered had jurisdiction to determine all questions of priority between the parties to that record.

2. The purchaser at a sheriff's sale in satisfaction of the purchaser's judgment, which by its terms is subject to a mortgage, is estopped to deny that he bought subject to it; the adjudication in his action having established the priority of the mortgage subject to which the property was sold, he cannot dispute the priority when called upon to pay the mortgage.

On appeal from a decree of the court of chancery advised by Advisory Master Charles H. Hartshorne.

*Mr. William J. Morrison, Jr.,* for the appellant.

*Mr. Raymond P. Wortendyke,* for the respondents.

The opinion of the court was delivered by

BERGEN, J.

The complainant, a building and loan association, is seeking to foreclose a mortgage given after the commencement of a

building on the mortgaged premises but duly recorded before defendant filed his lien claim. The mortgage was given to secure the sum of $2,800 to be advanced, according to the oral agreement of the parties, as the erection of the building progressed; from this amount $140 was deducted as a premium and two payments aggregating $1,726 were made on account of principal before the lien claim was filed, making a total of $1,866.

August 4th, 1913, the complainant gave to the mortgagor its check for the balance due, and she endorsed and delivered it to the counsel of complainant, who, September 19th, paid out of it $750 to a materialman who had furnished materials for the construction of the building, and on September 23d, 1913, he paid to the complainant the balance he had in hand towards interest and fines due to it. The contest in this case relates to the disbursement of this balance, and the advisory master to whom the cause was referred to hear and advise the chancellor what decree should be made, advised that the lien claimant was entitled to priority as to the $750, and that the balance paid on account of interest and fees was not applied towards the erection of the building, and therefore not an advance which it was entitled to make and to that extent the mechanic's lien was also prior to the complainant's mortgage.

The question raised by this appeal is whether the defendant is entitled to priority to the extent of the amount retained by complainant for interest and fines, and also to the $750 paid on account of materials used in the construction of the building to a person other than the defendant, because it was paid after defendant had obtained a judgment on his lien claim. We do not deem it necessary to determine the question whether the mortgagee may lawfully pay out of the mortgage fund the debt of a materialman who has furnished materials used in constructing the building in preference to one who has filed a mechanic's lien claim and reduced it to judgment, because the case can be disposed of for reasons not based upon nor involving that question.

The defendant filed a mechanic's lien claim against the mortgaged premises April 9th, 1913, and at that time all of the money the mortgage was given to secure had been actually paid for the material except the last payment of $934, no question being raised concerning the previous payments. The judgment was entered September 11th, 1913,

"generally against the builder and specially against the lands and building in complaint described, subject to the lien of the mortgages of the Peoples Building and Loan Association of Ridgefield Park, N. J., and Carl Hallberg respectively."

The proceedings leading to this judgment are not shown in the present record, but in the title of the cause under which the foregoing judgment was entered the complainant was a defendant as mortgagee, as provided by the statute (*3 Comp. Stat. p. 3307 § 23*), which requires that

"Suit shall be commenced by summons against the builder and owner of the land and building, and every person holding a mortgage of record against the property affected by said claim, whose mortgage would be cut off by a sale under said claim."

Section 24 provides,

"and any defendant mortgagee may have a further plea that said lien claim is subject to such mortgagee's lien, and the judgment in any such case shall determine the priority of the liens of the plaintiff and each of said defendants."

This court held in *Culver* v. *Lieberman, 69 N. J. Law 341*, that the purpose of this statute was to settle in a single suit the liens of all persons who have any interest in the property, and to determine, among other matters, "what mortgage encumbrance is upon each piece of property and the priorities between the mortgagees and the plaintiff's special judgment." In determining "what mortgage encumbrance" there is on a property, the court must of necessity ascertain the amount which is entitled to priority, for if it be assumed that the amount cannot be inquired into, then the real priorities could not be

ascertained. In the present case, the building was commenced, and part of the lien claimant's material furnished, before the mortgage was recorded, and it would have been "cut off" by the sale if not protected by section 15 of the act which gives priority to such a mortgage to the extent of the money actually "advanced and paid by the mortgagee and applied to the erection of any new building upon the mortgaged lands" if recorded before the filing of a lien claim.

Under these conditions the presumption must be that when the judgment was entered in the suit brought by the lien claimant, the defendant in this cause, adjudging that such judgment was subject to the lien of complainant's mortgage, that the trial court found that it was subject to the entire sum for which the mortgage was given. This judgment was entered September 11th, 1913, and was not appealed from by the present defendant, and thereupon the counsel of the mortgagee, on September 19th, 1913, paid the $750 to a materialman on account of his claim for material furnished and used in the erection of the building. Under these circumstances the judgment plaintiff is estopped from now denying the force and effect of the judgment entered by him, and relying upon which the complainant applied the balance in hand towards the payment of an unsatisfied claim for materials used in the erection of the building. The natural effect of the act of the defendant in procuring a judgment to be entered in his favor subject to complainant's mortgage, in an action where the court had jurisdiction to determine priorities, and in which the complainant was a party asserting the priority of its mortgage, would be to induce the complainant to believe that its mortgage was a prior lien, and if it acted on such inducement, so that if the plaintiff in that suit be permitted to deny the truth of the judgment record the complainant must suffer harm, such plaintiff will be estopped such denial. *Mutual Life Insurance Co.* v. *Norris, 31 N. J. Eq. 583.* It was the duty of the plaintiff in the judgment record to know that the effect of the judgment was to make the entire mortgage a lien prior to the judgment, and he is presumed to know that the complainant would so treat it and could safely do so. The

land embraced in the mortgage was sold in execution of the judgment by the sheriff of the county of Bergen, and purchased by plaintiff therein for fifty dollars, who now contends that the judgment was not subject to the entire mortgage, but to only a part thereof upon the ground that more than a year after its entry, and the. application of the balance of the principal of the mortgage for the payment of materials actually used in the construction of the building, the judgment was amended by a rule allowed by the court which did not open the original judgment but ordered

"that said order as amended be further amended so as to read as follows * * * that said judgment is subject to the mortgage (of the complainant) to the extent of the sum of eighteen hundred and sixty ($1,860) dollars actually advanced thereon at the time of the trial, and also to the extent of such further moneys advanced thereon, not in excess of the principal thereof as shall be adjudged by a competent court to be entitled to priority over the said lien and the judgment thereon."

What the original amendment was does not appear in this record, but the above order, even if the court had the power to amend the judgment so long after its entry, which we are not to be considered as conceding, could not, and did not change the status of the parties which resulted from their previous conduct based upon the original judgment.

In addition to this the attempted amendment does not conform to the requirement of the statute because it does not determine the respective priorities in the action brought to settle that question, but leaves a part of it to be settled by some other tribunal, a situation which the statute does not provide for or contemplate. The original judgment was entered in conformity with the statute, and determined the respective priorities of the liens and it has not been expressly vacated or set aside, nor impliedly altered by this inefficacious order which did not adjudge the issue as directed by the statute requiring that, "the judgment in any such case shall determine the priority of the liens of the plaintiff and each of said defendants," and this the amended order does not do. The fact that the order was made by consent does not confer on the court jurisdiction to

enter a judgment in violation of the statute under which the plaintiff in that action was proceeding, for if not authorized by law, it was a nullity. It thus appears that the defendant purchased the land at a sale made in satisfaction of a judgment which a court having jurisdiction of the parties and the subject-matter had adjudged was subject to complainant's mortgage and he must be assumed to have bought with knowledge of the legal status established by his judgment, and also that the complainant had a right to rely upon the adjudication that its mortgage was a prior encumbrance to the judgment and did not require protection at the sale, and the effect of the decree appealed from is to relieve him from the payment of a part of the purchase price which he, in effect, agreed to pay for the property, by reducing the mortgage of the complainant to the extent of $934. To permit this would produce an inequitable result. *Warwick* v. *Dawes, 26 N. J. Eq. 548; Camden Safe Deposit Co.* v. *Citizens Ice Co., 71 N. J. Eq. 221.* It is urged in respondent's brief that the sheriff gave notice before the sale that the property was offered subject only to a mortgage indebtedness of $1,860, but there is no proof of this; a paper purporting to be a notice of some character, was offered, objected to and withdrawn, and the offer not renewed, so we have no knowledge of its contents, but if such notice was read, it would have had no effect because the sheriff could not thereby alter or modify the judgment of the court and thus change the adjudged priority of the complainant, there being no proof that complainant was represented at the sale, or had knowledge of the alleged notice. It is not necessary to pass upon the recitals in the sheriff's deed to the defendant as they are not binding on the complainant who was not a party to it. The complainant is entitled to a decree adjudging that the whole amount of the principal of its mortgage and interest is due and payable less any payments made by the mortgagor on account thereof, and that the defendant, Isaac Vaniewsky, holds the title to the mortgaged premises, which he acquired by sale thereof under his judgment, subject to the payment thereof.

The decree will be reversed, with costs.

For *affirmance*—None.

For *reversal*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Terhune, Heppenheimer, Williams, Taylor—14.